

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/2023

Caroline J. Heller
Tel 212.801.2165
Fax 212.805.9488
hellerc@gtlaw.com

April 28, 2023

**VIA ECF**
Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *J.L., et al. v. NYC Dep't of Education, et al.*, No. 17-CV-7150 (PAC) (KHP):
Letter Motion to File Documents Under Seal

Dear Judge Crotty:

Pursuant to the Stipulation and Protective Order and Order for Production of Student Records ("Confidentiality Order") (Dkt. # 82) and this Court's Individual Practices, Rule 7(A), Plaintiffs J.L. on behalf of J.P., H.B on behalf of M.C., and D.A. and K.M. on behalf of O.A. ("Plaintiffs") respectfully request by this letter motion for the sealing of the following materials: (1) Plaintiffs' memorandum of law in support of motion for default judgment and summary judgment; (2) Declaration of Rebecca Shore dated April 27, 2023 and exhibits annexed thereto; (3) Declaration of Priscilla Monico Marin dated April 27, 2023 and exhibits annexed thereto; (4) Declaration of Plaintiff K.M. dated April 27, 2023 and exhibits annexed thereto, and; (5) Plaintiffs' Rule 56.1 statement of undisputed facts. Plaintiffs have met and conferred with Defendants, and Defendants do not object to Plaintiffs' request in this letter motion.

**Case Background**

Plaintiffs are parents of medically fragile students who required specialized nurse services and specialized transportation in order to attend school. Plaintiffs filed an amended complaint on November 7, 2017, alleging that Defendant New York City Department of Education ("DOE") failed to, among other things, timely approve and provide specialized nurse services and specialized transportation, resulting in two of the students being unable to school for years, in violation of the Individuals with Disabilities Education Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. (Dkt. # 22.) Plaintiffs also alleged that the reason the DOE failed to provide their children with these services is that the DOE does not have a coordinated system in place to ensure medically fragile students with disabilities receive necessary nursing, transportation, and porter services, and that the DOE's policies, practices, and procedures with respect to medically fragile students result in the DOE failing to provide such students all of the services they require simultaneously in order to attend school. (*Id*.)

Hon. Paul A. Crotty
April 28, 2023
Page 2

On July 22, 2019, Judge Pauley so ordered an agreed to Stipulation and Protective Order and Order for Production of Student Records ("Confidentiality Order"). (Dkt. # 82.) According to the Confidentiality Order, "Confidential Information" includes:

> a. Any document(s) or information relating to any student, including but not limited to documents, information or data relating to student records, grades, assignments, coursework, grievances and complaints, nurse services, Individualized Education Programs ("IEPs"), 504 Plans and porter services;
> b. Any document(s) or information prepared by or maintained in the custody of DOE reflecting proprietary information, personal health information, age, race, national origin, sexual orientation, or gender, and/or containing information that is protected by the provisions of the Health Insurance Portability and Accountability Act;
> c. Any document(s) or information which counsel for the Parties agree should be considered Confidential Material; and
> d. Testimony about the documents and information covered by Paragraph 1(a)-(c).

Confidentiality Order, at ¶ 1.

The Confidentiality Order further provides that:

> 2. Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation and Protective Order and Order for Production of Student Records ("this Protective Order" or "this Order"), including but not limited to the provisions of The Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 CFR Part 99 ("FERPA") and Paragraph 3 of this Protective Order.
>
> 3. By so-ordering this Protective Order, the Court hereby authorizes Defendants to produce any document(s) and information relating to any student, including, but not limited to, J.P., M.C. and O.A., relevant to the issues in this litigation that are protected by FERPA, upon condition that the students whose records are sought are notified of this Order in advance of any compliance with this order by Defendants. Any such FERPA protected records obtained shall be designated as Confidential Material pursuant to the terms of this Protective Order and must be treated as such in strict compliance with the terms of this Protective Order.

Confidentiality Order, at ¶¶ 2, 3.

The parties engaged in extensive discovery about, among other things: (1) the facts concerning Plaintiffs' claims concerning their own children; (2) DOE's policies, practices and procedures

Hon. Paul A. Crotty
April 28, 2023
Page 3

concerning response to and approval/rejection process for requests for specialized nurse services and specialized transportation and porter service by all New York City students; and (3) the facts concerning requests made by New York City students for specialized nurse services and specialized transportation and porter service and whether those students received the requested services.  Pursuant to the Confidentiality Order, as part of Plaintiffs' requests for information concerning other New York City students, the parties and Judge Katharine Parker approved an opt-out notice under the Family Educational Rights and Privacy Act of 1974 ("FERPA") to be provided to parents who could choose to opt-out of their children's educational records being produced as part of the case.  (Dkt. #s 125-27.)  As a result, Defendants produced documents reflecting the educational records and medical needs of numerous non-party students, as well as internal communications with DOE about these students and the provision of nursing services and/or other medical accommodations and travel accommodations.  Both parties marked documents produced in this matter "Confidential" pursuant to the Confidentiality Order.

**Request for Issuance of Sealing Order**

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, "the court may order that a filing be made under seal without redaction." F.R.C.P. R. 5.2(d).  "'Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution.'"  *Doe v. Gooding*, No. 20-CV-06569 (PAC), 2021 WL 5991819, at *3 (S.D.N.Y. July 29, 2021) (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citations omitted)).  "This common law presumptive right of access 'requires a court to make specific, rigorous findings before sealing the [judicial] document or otherwise denying public access.'"  *Id.* (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted)).  "Before sealing a document, the court must (1) determine whether the document is a judicial document; (2) if it is a judicial document, decide how much weight to give the presumption of access; and (3) determine whether the factors that weigh against public disclosure outweigh the presumption of access."  *Id.* (citing *Mirlis*, 952 F.3d at 59).  Where, as here, the First Amendment right of access applies because the filings in this case are in connection with a dispositive motion, a court may seal judicial documents "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," but "[b]road and general findings" are insufficient. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  "Countervailing factors that weigh against public disclosure include 'the privacy interests of those resisting disclosure.'"  *Id.* at *4, (quoting *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Both the IDEA and FERPA prohibit the disclosure of student's educational records.  *See* 20 U.S.C. § 1232g.  Accordingly, Courts have found that records containing or referencing a child's medical, school, or personal information raise significant privacy interests and are a basis to limit public access to judicial documents.  *See B.J.S. v. State Educ. Dep't/Univ. of State of N.Y.*, No. 08-CV-513A F, 2010 WL 502796, at *4 (W.D.N.Y. Feb. 9, 2010) (in action concerning child's rights

Hon. Paul A. Crotty
April 28, 2023
Page 4

under the IDEA, ordering that the parties file under seal, among other things, exhibits, records, legal memorandum, motion papers containing or referencing the child's medical, school, or other records or documents containing the child's personal information); *see also E.K. v. New Jersey Dep't of Educ.*, No. CV2014409SDWLDW, 2020 WL 12188149, at *2 (D.N.J. Nov. 19, 2020);

*D.L. by & Through Lazaro v. Poway Unified Sch. Dist.*, No. 19-CV-0780-GPC-RBB, 2019 WL 13267084, at *2 (S.D. Cal. Nov. 1, 2019)

In this case, initials were used throughout the Amended Complaint to preserve the confidentiality of sensitive medical, educational, and disability-related information concerning Plaintiffs' minor children, in conformity with the privacy provisions of the IDEA and FERPA. The documents and deposition transcripts that the parties will file in connection with summary judgment motions relate not only to Plaintiffs' children, but also to sensitive medical, educational, and disability-related information concerning other minor New York City students. Pursuant to the Confidentiality order and the opt-out notices, Plaintiffs not only wish to protect their children's privacy, but are obligated to maintain the confidentiality of information concerning other children. With respect to information concerning DOE's policies and procedures, Defendants have asserted that this information is "Confidential Information". Thus, pursuant to the Confidentiality Order, Plaintiffs are obligated to treat these documents as confidential and file these documents under seal unless this Court later determines that the public should be given access to this information.

Accordingly, Plaintiffs respectfully request that this Court order that the aforementioned filings remain sealed. A proposed sealing order is attached for the Court's consideration. Pursuant to Rule 7 of this Court's Individual Rules, the proposed sealed documents are being contemporaneously submitted to the Court for review.

We are available to discuss these issues with the Court.

Respectfully sub[mitted,]
GREENBERG T[RAURIG]

By:   /s/ Caro[line J. Heller]
Caroline [J. Heller]
One Van[derbilt Avenue]
New Yor[k, NY ...]
Tel: (212[) ...]
Fax: (212[) ...]
hellerc@[gtlaw.com]
Attorneys [for Plaintiffs]

---

Plaintiffs' letter indicates that the proposed sealed documents were submitted with the underlying letter for the Court's review, but no such documents were filed. Plaintiff shall file under seal the proposed sealed documents so that the Court can evaluate the motion to seal.

Additionally, it is unclear from Plaintiffs' letter whether they seek to file all briefing and exhibits under seal or seek to file the documents with redactions. The Court notes that a motion to seal all briefing and exhibits in their entirety will not likely be found "narrowly tailored" in accordance with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and its progeny. *See, e.g., United States v. Maxwell*, 2022 WL 421123, at *2 (S.D.N.Y. Feb. 11, 2022) ("Wholesale sealing of the motion papers . . . is not narrowly tailored."); *Wiav Sols. Inc. v. HTC Corp.*, 2021 WL 871415, at *2 (S.D.N.Y. Mar. 9, 2021) (directing the movant to propose narrower redactions of only the sensitive information).

Finally, to the extent Plaintiffs seek to file information under seal merely because the information is designated "Confidential" by agreement of the parties, this is not sufficient under *Lugosch* and its progeny. *See, e.g., Bionpharma Inc. v. CoreRx, Inc.*, 2023 WL 2977998, at *1 (S.D.N.Y. Mar. 6, 2023) (collecting cases). Rather, the motion must explain the specific higher values that would be preserved for each piece of information Plaintiffs seek to redact. Accordingly, the parties should discuss in good faith the need to file information regarding the DOE's policies and procedures under seal. If the parties agree in writing that particular information that has been designated "Confidential" need not be filed under seal, that information can be filed without redaction and such filing will not be a breach of any Stipulation of Confidentiality. In the event these discussions lead to a more narrowly tailored motion, Plaintiffs may file a revised motion to seal by **Monday, May 15, 2023.**

SO ORDERED:

*[signature]*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   5/1/2023