

Caroline J. Heller
hellerc@gtlaw.com
(212) 801-2165

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2023

June 12, 2023

**VIA ECF**

Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *J.L. On behalf of J.P. v. N.Y. City Dep't of Educ.,* 17-CV-7150 (PAC)(KHP) – Letter Motion to Compel Production of Documents

Dear Judge Parker:

Greenberg Traurig, LLP and Advocates for Children of New York, Inc., represent the Plaintiffs in the above-captioned litigation. We write pursuant to Stipulation and Order Regarding Claw back Agreement filed April 16, 2020 (ECF No. 121), paragraph 8, to compel production of two documents clawed-back by Defendants.

On June 1, 2023, Defendants clawed-back portions of Exhibit 33 (ECF. No. 250-34) attached to the Declaration of Rebecca Shore in support of Plaintiffs' Motion for Partial Summary Judgment, and provided Plaintiffs with a copy of the document redacting communications between DOE employees that include an attorney for the DOE. On June 2, 2023, Defendants clawed-back portions of Exhibit 67 (ECF. No. 250-68) attached to the Declaration of Rebecca Shore in support of Plaintiffs' Motion for Partial Summary Judgment, and provided Plaintiffs with a copy of the document redacting communications between DOE employees, some of which include an attorney for the DOE.[1] With regard to both documents, Defendants asserted that the basis for the claw-back is that the information was "protected by the attorney-client and work product privileges."

The attorney-client privilege protects communications that are "between client and counsel" and the communications must be "made for the purpose of obtaining or providing legal advice" and the communications must have been "intended to be, and in fact kept, confidential." *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 648-51 (S.D.N.Y. 2019) (Parker, J.) (internal citations and quotations omitted) (holding the "vast majority" of documents the Court reviewed were not subject to the attorney-client privilege "because they do not seek or convey legal advice"). The privilege is "narrowly construed because it renders relevant information undiscoverable." *Id.; see also Spectrum Sys. Int'l Corp. v. Chem. Bank*, 78 N.Y.2d 371, 377 (1991); *accord Priest v. Hennessy*, 51 N.Y.2d 62, 68 (1980) ("It has long been recognized that the attorney-client privilege constitutes an obstacle to the truth-finding process, the invocation of which should be cautiously

---

[1] Plaintiffs filed these exhibits under seal and in their revised letter motion to seal/redact documents filed on June 5, 2023 (ECF No 261) provided reasons that the documents should remain under seal. For those reasons, Plaintiffs do not attach the redacted versions to this publicly filed letter motion and will provide the redacted versions to the Court upon request.

GREENBERG TRAURIG, LLP  ▪  Attorneys at Law  ▪  www.gtlaw.com

Honorable Katharine H. Parker
June 12, 2023
Page 2

_____

observed to ensure that its application is consistent with its purpose" (quotation marks and citations omitted)). While communications with in-house lawyers are sometimes protected by the attorney-client privilege, courts "scrutinize[ ] [these] carefully to determine whether the predominant purpose of the communication was to convey business advice" or to "obtain or provide legal advice." *Brown*, 474 F. Supp. 3d at 648. Communications to convey business advice or information are not protected by the attorney-client privilege. *Id.* Likewise, communications with attorneys who serve non-legal roles are not privileged. *See Complex Sys., Inc. v. ABN AMRO Bank NV*, 279 F.R.D. 140, 150 (S.D.N.Y. 2011) ("Communications that principally involve the performance of non-legal functions by an attorney are not protected."); *Gomez v. Metropolitan Dist.*, 2013 WL 2489138, at *3-*7 (D. Conn. June 10, 2013) (holding that despite defendant's arguments certain documents were documents "created for an ordinary business purpose by an attorney functioning as a business advisor and thus are not privileged" (internal citations and quotations omitted)).

The work product doctrine protects documents "prepared by a party or its representative in anticipation of litigation." *Id.*; Fed. R. Civ. P. 26(b)(3). This doctrine is not established by a showing that the material was prepared at the direction of a lawyer or that the material was even provided to the lawyer. *Brown*, 474 F. Supp. 3d at 648. The materials must result from "the conduct of 'investigative or analytical tasks *to aid counsel in preparing for litigation*.'" *Id.* (internal citations omitted) (emphasis added).

"The party withholding a document on the basis of attorney-client privilege or work product doctrine bears the burden of establishing facts to demonstrate applicability of the protective rule." *Brown*, 474 F. Supp. 3d at 648-51 (internal citations and quotations omitted). Here, the DOE cannot meet that burden for many of the documents that Defendants have withheld under the guise of these purported protections.

Here, it appears that the information redacted by Defendants in Exhibits 33 and 67 concern topics and/or conversations that would not be privileged because they are not for the purpose of seeking legal advice. The mere fact that an attorney is on the email chain does not render the information privileged. Especially with regard to Exhibit 33, in the redacted version provided to Plaintiffs, Defendants kept unredacted communications with the same addressees and same subject matter as the redacted portions of the document. Defendants must show that the attorneys on the email chains are serving in legal roles and that the substance of the communications is the rendering of legal advice, as opposed to discussing a business matter, and are substantively different than the communications for which Defendants believe there are not privileged communications.

Accordingly, Plaintiffs contend that the Court should review the documents *ex parte* and, if it finds that the communications are not privileged, compel production of the documents.

Honorable Katharine H. Parker
June 12, 2023
Page 3

_____

Respectfully submitted,
GREENBERG TRAURIG, LLP

By:    /s/ Caroline J. Heller
      Caroline J. Heller
      200 Park Ave.
      New York, New York 10166
      Tel: (212) 801-9200
      Fax: (212) 805-6400
      hellerc@gtlaw.com
      *Attorneys for Plaintiffs*

By **Wednesday, June 28, 2023**, Defendants shall send an *ex parte* email to the Court attaching (1) a copy of the documents at issue with the clawed-back information highlighted in yellow, as well as (2) an excerpt of Defendants' privilege log entries as to these two documents.

SO ORDERED:

*[signature]*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    6/22/2023