



**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP S. FRANK**
Phone: (212) 356-0886
Fax: (212) 356-1148
pfrank@law.nyc.gov
(not for service)

July 5, 2023

**By ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *J.L., et al. v. NYC Dep't of Education, et ano.*,
          No. 17-CV-7150 (PAC) (KHP)

Your Honor:

      I am the Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York assigned to represent Defendants New York City Department of Education ("DOE") and DOE Chancellor David C. Banks in the above-referenced matter, in which Plaintiffs, parents on behalf of three students, allege that their rights were violated due to alleged systemic delays in providing coordinated nursing, transportation, and porter services.

      I write to respectfully request an extension of time for Defendants to serve and file their cross-motion for summary judgment and opposition to Plaintiffs' motion. This is Defendants' first request for an extension.

      As background, by Order dated July 14, 2022 (ECF No. 225), the Court ordered, *inter alia*, Plaintiffs to file their motion for summary judgment by October 14, 2022. Plaintiffs, however, did not timely file their summary judgment motion by October 14, 2022, and they failed to request an extension. By Order dated March 21, 2023 (ECF No. 235), nearly six months after Plaintiffs' deadline had passed, the Court noted that Plaintiffs had not filed their partial summary judgment motion as to liability. The Court directed the parties to file a joint status letter advising the Court how they would like to proceed, and by Order dated March 28, 2023 (ECF No. 237), the Court endorsed the parties proposed new briefing schedule (ECF No. 236), which included Plaintiffs' motion due by April 28, 2023. On April 28, 2023, Plaintiffs served Defendants their

motion for default judgment and for partial summary judgment as to liability and filed their Notice of Motion (ECF No. 240). Plaintiffs, therefore, received a six-and-a-half month extension of time, from October 14, 2022 until April 28, 2023, to draft and serve their summary judgment motion.

By letter dated April 28, 2023 (ECF No. 239), Plaintiffs also filed a motion to file under seal the entirety of their remaining motion papers, including their memorandum of law, declarations, and all exhibits. On April 28, 2023, the same day as Plaintiffs served their moving papers, Defendants filed their Answer to the Amended Complaint (ECF No. 242), thereby rendering moot Plaintiffs' motion for default judgment. By Orders dated May 1, 2023 (ECF No. 243) and May 5, 2023 (ECF No. 245), the Court directed the parties to discuss in good faith the need to file certain documents under seal. The Court further directed Plaintiffs to file a revised motion to seal in the event these discussions led to a more narrowly-tailored motion. The Court's May 5, 2023 Order also *sua sponte* granted a brief, approximately one-week extension of the briefing schedule, with Defendants' cross-motion and opposition due by July 7, 2023; Plaintiffs' opposition and reply due by July 28, 2023; and Defendants' reply due by August 18, 2023. On May 10, 2023 (ECF No. 252), Plaintiffs withdrew their motion for default judgment and filed their amended motion for summary judgment only. Following the parties' meet and confer and extensive review of Plaintiffs' voluminous exhibits and motion papers, on June 5, 2023 (ECF No. 261), more than one month after Plaintiffs' initially filed their moving papers, Plaintiffs filed a more narrowly-tailored motion to seal.

There are several reasons for the requested enlargement. As an initial matter, since the filing of Plaintiffs' summary judgment motion, Defendants have expended a significant amount of time and resources in reviewing Plaintiffs' lengthy motion papers and voluminous exhibits in order to meet and confer with Plaintiffs in efforts at ensuring that Plaintiffs' motion to file under seal portions of their motion was more narrowly tailored and appropriate. Defendants also have had to spend this time in clawing back a number of Plaintiffs' exhibits as privileged, and in responding to Plaintiffs' motion to compel two of those clawed-back exhibits. Indeed, Defendants closely reviewed Plaintiffs' more than 150 exhibits, multiple declarations, memorandum of law, and 56.1 Statement. Following this detailed review, on June 1, 2023 and June 2, 2023, Defendants clawed back portions of six of the exhibits attached to Plaintiffs' motion on the grounds that they were privileged under the attorney-client privilege and the work product doctrine. Defendants also proposed redactions to the memorandum of law and the 56.1 Statement for Plaintiffs' revised motion to seal. By letter dated June 12, 2023 (ECF No. 262), Plaintiffs moved to compel two of the six clawed-back documents. And by letter dated June 30, 2023, Defendants opposed Plaintiffs' motion to compel and enclosed the two clawed-back documents to the Court *in camera*. Such time and efforts spent by Defendants on ensuring the appropriateness of Plaintiffs' motion to file under seal and on motion practice for the clawed-back documents have significantly impacted and taken time away from Defendants' ability to work on their own motion papers.

Another reason for the requested extension is due to unforeseen professional obligations and emergencies I have had in other matters as both an attorney handling cases assigned to me and as a supervisor of a team of attorneys in this office. In particular, an attorney I supervise unexpectedly went out on emergency medical leave, starting on June 13, 2023. During his absence, I have had to manage his large caseload and cover a number of his cases, including seeking extensions of court-ordered deadlines, supervising the drafting of motion papers, and preparing for a settlement conference in another high-profile litigation seeking to reform DOE

policies. I have also had to work on an emergency motion for a temporary restraining order in another matter during the past weeks. The extension of time, therefore, will enable Defendants to expend the necessary time and effort in reviewing the record in this matter, in which Defendants produced approximately 50,000 documents in e-discovery, with multiple depositions. The enlargement also will enable Defendants to draft and serve their opposition papers and cross-motion, including the drafting of additional affidavits by DOE staff, and to meet and confer with Plaintiffs regarding the filing of any documents under seal in advance of the filing deadline.

Finally, the length of the extension accounts for the summer schedules of both myself and of the DOE principal stakeholders necessary for the drafting of the motion papers, as well as preparations by DOE staff for the commencement of the new school year in September. The allegations in Plaintiffs' Amended Complaint concern multiple offices within the DOE, and Defendants' opposition papers and cross-motion require input and review from all these offices, including the Office of General Counsel, the Special Education Office, the Office of School Health, and the Office of Pupil Transportation. August and early September usually consist of the busiest time of the year for these DOE offices and their principal stakeholders as they prepare for school to commence in September. I also will be supervising a team that is taking and defending approximately 16-20 depositions in a case during July and August, and I subsequently will be out of the office on annual leave from August 21, 2023 until September 1, 2023. The extension of time, therefore, will provide my office and the DOE principal stakeholders sufficient time in drafting and reviewing the motion papers, including affidavits, during this busy period.

Plaintiffs' counsel objects to the instant request on the grounds that: (1) the Court previously *sua sponte* granted a one-week extension of the briefing schedule to allow for the sealing issues; (2) there were only a limited number of clawed-back documents for the parties to address; (3) Defendants previously have requested extensions of time during discovery, causing undue delay; and (4) the timing of the request is late as Defendants agreed to the schedule in March 2023, previously knew about summer and vacation schedules, and counsel knew about some of the professional obligations in mid-June. Plaintiffs, however, will not be prejudiced by the requested extension. Indeed, Plaintiffs, themselves, received a six-and-a-half-month extension to serve and file their motion papers, and Plaintiffs failed to timely request an extension prior to the initial deadline for their motion papers. Such undue delay by Plaintiffs belies any claim of prejudice here.

Accordingly, Defendants respectfully request a 75-day extension of time, from July 7, 2023 until September 20, 2023, to serve and file their opposition and cross-motion for summary judgment. Defendants also respectfully request a corresponding extension of time of the briefing schedule as follows:

| | |
|---|---|
| Defendants' cross-motion and opposition: | September 20, 2023 |
| Plaintiffs' opposition and reply: | October 11, 2023 |
| Defendants' reply: | November 1, 2023 |

I thank the Court for its consideration of the within.

Respectfully submitted,

/s/
Philip S. Frank
Assistant Corporation Counsel

cc: All counsel (via ECF)

---

The deadline for Defendant's cross-motion and opposition is extended from Friday, July 7, 2023 to **Friday, September 8, 2023**. The deadline for Plaintiffs' opposition and reply is extended from Friday, July 28, 2023 to **Friday, September 29, 2023**. The deadline for Defendants' reply is extended from Friday, August 18, 2023 to **Friday, October 20, 2023**. Oral argument on the motions for summary judgment will take place on **Thursday, November 9, 2023 at 10:00 a.m.** in Courtroom 17-D, U.S. Courthouse, 500 Pearl Street, New York, NY.
No further requests for extension of the briefing schedule will be entertained absent a showing of good cause.

SO ORDERED:

*[signature]*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   7/6/2023