USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___07/08/2023___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
J.L., on behalf of J.P., et al.,

                                            Plaintiffs,

                    -against-                                              **17-CV-7150 (PAC) (KHP)**
                                                                          <u>**ORDER**</u>

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                                            Defendants.

----------------------------------------------------------------X
**KATHARINE H. PARKER, United States Magistrate Judge.**

On June 12, 2023, Plaintiffs filed a letter motion to compel Defendants to re-

produce documents that Defendants had previously produced and subsequently clawed

back.  (ECF No. 262.)  Before Defendants clawed back the documents, Plaintiffs attached

the documents to their briefing in support of their Motion for Summary Judgment as

Exhibits 33 and 67.  (ECF No. 250-34 and 250-68.)

On June 30, 2023, Defendant filed a letter opposing Plaintiff's motion, asserting that

the documents are protected by the attorney-client privilege and work product doctrine.

Defendants requested that the Court deny the motion and remove from the docket the

unredacted versions of the documents filed by Plaintiffs in connection with their Motion

for Summary Judgment.  Defendants also provided the Court with copies of both

documents for an *in-camera* review.

## LEGAL STANDARD

The attorney-client privilege protects communications between client and counsel

that are made for the purpose of obtaining or providing legal advice and that were

intended to be and in fact were kept confidential.  *In re County of Erie*, 473 F.3d 413, 418-

19 (2d Cir. 2007) (citation omitted).  In civil suits between private litigants and government agencies, the privilege generally protects confidential communications between government counsel and their clients that are made for the purpose of obtaining or providing legal assistance.  *Id.* (citations omitted).  The privilege does not protect communications that were generated for the predominant purpose of obtaining business or other advice, as opposed to legal advice.  *Id.*  Legal advice "involves the interpretation and application of legal principles" and "requires a lawyer to rely on legal education and experience to inform judgment."  *Id.* (citation omitted).

Pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, documents and tangible things prepared by a party or its representative in anticipation of litigation are protected under the work product doctrine.  *City of Almaty, Kazakhstan v. Ablyazov*, 2019 WL 2865102, at *5 (S.D.N.Y. July 3, 2019).  For the doctrine to apply, "the materials must result from the conduct of investigative or analytical tasks to aid counsel in preparing for litigation."  *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 393-94 (S.D.N.Y. 2015)).  The doctrine does not apply to documents that "would have been created in essentially similar form irrespective of the litigation . . . [e]ven if such documents might also help in preparation for litigation."  *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir.1998).

"The party withholding a document on the basis of attorney-client privilege or work product doctrine bears the burden of establishing facts to demonstrate applicability of the protective rule."  *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 648 (S.D.N.Y. 2019) (citation omitted).

**APPLICATION**

1. **Exhibit 33**

Having reviewed Exhibit 33 *in camera,* the Court finds that the clawed-back

communications are protected by the attorney-client privilege.

This document consists of communications between Defendant New York City

Department of Education's ("DOE") in-house counsel and DOE staff regarding the DOE's

compliance with its legal requirements as to a specific student.  It is clear that the DOE

counsel was added to the email chain so that she could respond in her legal capacity and so

that she could be prepared to provide legal advice and services in connection with the

issue.  Accordingly, Defendants appropriately clawed back this document.  The Court need

not consider whether the document is also protected by the work product doctrine.

By Friday, July 14, 2023, Defendants shall file on the docket a version of Exhibit 33

with redactions applied.  At that point, the Court will request that the Clerk of the Court

substitute the redacted document in place of the un-redacted document at ECF 250-34.

The Court notes that the exhibit is currently filed under seal and accordingly there is no risk

of public access to the privileged communications.

2. **Exhibit 67**

Having reviewed Exhibit 67 *in camera*, the Court finds that the document is not

protected by the attorney-client privilege or the work product doctrine.

Defendants assert that these communications are between "DOE staff and a DOE

attorney regarding providing transportation services" for a student that had threatened

legal action.  Despite it being Defendants' burden to establish facts demonstrating the

3

applicability of the privilege, Defendants did not state which person on the chain is an attorney, but the Court understands that the attorney is Neal Solon.  Mr. Solon was added at the end of the email chain for the explicit and sole purpose of being "kept in the loop."  There is no request for or provision of legal advice in that exchange.  Accordingly, the attorney-client privilege does not apply.

Defendants also assert that these communications constitute work product prepared in anticipation of litigation because, they argue, they would not have been prepared in the same way but for a threat of litigation by the student.  However, Defendants have not shown that these communications were created "to aid counsel in preparing for litigation."  *Wultz*, 304 F.R.D. at 393-94.  To the contrary, the communications appear to be business-related emails by DOE staff in which the staff perform an important function of their job, i.e. working to ensure the provision of supportive services for a student, as is required of the DOE by law.  The DOE has not met its burden to show that these communications would not have been made in the ordinary course of business in order to provide necessary services to the student absent the threat of litigation.  *See, e.g. Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at *7 (S.D.N.Y. Jan. 24, 2018) (party did not show that compliance-related documents would not have been created anyway absent the threat of litigation, and noting difference between documents generated to avoid litigation and documents generated in anticipation of litigation); *Weinrib v. Winthrop-Univ. Hosp.*, 2016 WL 1122033, at *6 (E.D.N.Y. Mar. 22, 2016) (rejecting application of work product doctrine where party did not show that the documents were prepared to aid

counsel in preparing for a specific litigation rather than ensuring proper compliance with statutory and regulatory requirements).

While the emails suggest a sense of urgency, the first email in the chain provides an explanation for this urgency that is unrelated to the threat of legal action, which is that the student "has not been in school this school year."

Accordingly, Defendants have not met their burden to show that these communications are protected by the work product doctrine.  By Friday, July 14, 2023, Defendants shall re-produce Exhibit 67 in unredacted form to Plaintiffs.

**The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 262.**

SO ORDERED.

DATED:      New York, New York
            July 8, 2023

_____
KATHARINE H. PARKER
United States Magistrate Judge