USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

J.L. on behalf of J.P., et al.,

                              Plaintiffs,

     -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                              Defendants.

-----------------------------------------------------------------X

17-CV-7150 (PAC) (KHP)

**OPINION AND ORDER
ON MOTION TO SEAL**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Before the Court for an Opinion and Order is Plaintiffs' Motion to Seal at ECF No. 261, which was filed in connection with Plaintiffs' summary judgment briefing. A Report and Recommendation on the cross-motions for summary judgment will follow separately.

**RELEVANT BACKGROUND**

Plaintiffs, J.L. on behalf of her child J.P., and H.B. on behalf of her child M.C., bring this action against the New York City Department of Education and the Chancellor of the New York City School District. Plaintiffs assert that Defendants failed to consistently provide necessary transportation and nursing services to J.P. and M.C., two medically fragile students, in violation of the Individuals with Disabilities Education Act ("IDEA") and other federal and state laws.

On April 28, 2023, Plaintiff filed a notice of motion for default judgment and summary judgment and thereafter filed under seal (i) a memorandum of law in support of the motion (ECF No. 246); (ii) a Rule 56.1 Statement (ECF No. 247); (iii) a declaration of Priscilla Monico Marn (ECF No. 248); and (iv) a declaration of former Plaintiff K.M. (ECF No. 249). On May 9, 2023, Plaintiffs filed a declaration of Rebecca Shore (ECF No. 250), along with a letter stating that because Defendants answered the Complaint, Plaintiffs would withdraw the motion for

default and file an amended notice of motion and memorandum of law. On May 10, 2023, Plaintiffs publicly filed the amended notice of motion (ECF No. 252) and filed under seal the amended memorandum of law (ECF No. 253).

On June 5, 2023, Plaintiffs publicly filed redacted versions of the amended memorandum of law (ECF No. 258), Rule 56.1 Statement (ECF No. 259), and Declaration of Rebecca Shore (ECF No. 260), and filed a letter motion explaining why the underlying unredacted exhibits should remain under seal. The information Plaintiffs seek to seal falls into four categories: (1) the names and other identifying information of the minor Plaintiffs and their families, (2) discussion of the minor Plaintiffs' educational and medical needs, (3) sensitive information concerning non-plaintiff minor students, and (4) information that Defendants request remain under seal because they are privileged documents subject to a June 1 and 2, 2023 claw back by Defendants.

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132,

139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119).  "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach."  *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019).  When a document becomes a "judicial document," the presumption of public access attaches.

Once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches.  The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* at 49.  "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'"  *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted).  "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."  *Id.*  The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion.  *Brown*, 929 F.3d at 49-50.

Once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption.  *Lugosch*, 435 F.3d at 120.  Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest."  *Id*.  The court may deny public

disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**APPLICATION**

The documents in question are "judicial documents" in which the presumption of public access attaches. *Lugosch*, 435 F.3d at 123 (holding that documents submitted in connection with a motion for summary judgment are "unquestionably judicial documents"). Even the document at ECF No. 246 – the now withdrawn memorandum of law in support of the motion for default judgment and summary judgment – constitutes a judicial document under the Second Circuit's expansive definition of the term. *See Giurcia v. Montefiore Health Sys. Inc.*, 2021 WL 2739061, at *3 (S.D.N.Y. July 1, 2021) (holding that judicial documents do not "lose that status if the motion to which they pertain is withdrawn"); *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) (explaining that "the test focuses not on whether the document was actually used by the court but, rather, on the role the document was intended to play in the exercise of the court's Article III duties.").

Turning to the weight of the presumption, these documents are submitted in connection with a dispositive motion, and thus the weight accorded to the presumption of public access is especially strong. *Olson*, 29 F.4th at 89-90.  However, the weight accorded to the document that was withdrawn (ECF No. 246), the declaration filed by the now-dismissed Plaintiff K.M. (ECF No. 249) and those exhibits to the Shore Declaration that were the subject of Defendants' claw back, is lower, because the Court did not rely on these documents and the documents played virtually no role in the exercise of Article III judicial power.

The Court now turns to considering whether there are countervailing "higher values" that outweigh the presumption of the public's right of access to these documents.

The first three categories of information that Plaintiffs seek to seal pertain to identifying information of minor students with disabilities, including the minor Plaintiffs in this case and non-party students.  Courts frequently permit plaintiffs in IDEA actions to proceed anonymously in order to protect the privacy interests of minor plaintiffs. *See B.J.S. v. State Educ. Dep't/Univ. of State of N.Y.*, 2010 WL 502796, at *4 (W.D.N.Y. Feb. 9, 2010) (collecting cases).  Courts also generally permit medical and other sensitive information of minors to remain under seal. *See Spring v. Allegany-Limestone Cent. Sch. Dist.*, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) (granting motion to seal deceased student's medical records, IEP, and psychosocial evaluation). Here, I find that the children's privacy interests in their identities and their specific medical and educational information outweighs the public interest in this information.

I further find that Plaintiffs have proposed narrowly tailored redactions to ensure that *only* information that is sensitive or potentially could lead to the identification of the minor

5

students is hidden from the public view.  Accordingly, I find that Plaintiffs' proposed redactions and sealing as to these documents is appropriate.

The fourth category of information that Plaintiffs seek to seal encompasses information that Defendants maintain is protected by the attorney-client privilege and/or work product doctrine and that is the subject of a claw back by Defendants.  It is well-settled in this Circuit that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents.  *Lugosch*, 435 F.3d at 125 (recognizing attorney-client privilege as potential "compelling reason" to seal documents); *Travelers Indem. Co. v. Excalibur Reins. Corp.*, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) (permitting redaction of information covered by the attorney-client privilege).  Given that the Court did not rely on any information that was subject to a claw back, I find that the Defendants' interest in maintaining the privacy of this information is outweighed by the limited interest of the public.[1]  Thus, the documents that were subject to the claw back may remain under seal.

## CONCLUSION

Plaintiffs' motion to seal is GRANTED.  **The Clerk of the Court is respectfully directed to terminate the motion to seal at ECF No. 261.  The documents filed under seal in connection with the motion for summary judgment may remain under seal.**

SO ORDERED.

Dated:   January 25, 2024
         New York, NY

KATHARINE H. PARKER
United States Magistrate Judge

---

[1] I previously considered a motion by Plaintiffs to compel re-production of two documents subject to the claw back and found that Exhibit 67 to the Shore Declaration was not covered by the attorney-client privilege or work product doctrine.  I thus directed Defendants to publicly file that document, which Defendants have done.